UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SERVER TECHNOLOGY, INC., a Nevada corporation, )<br>)<br>Plaintiff and Counter-defendant, )<br>)<br>v. )<br>)<br>AMERICAN POWER CONVERSION CORPORATION, a Massachusetts corporation, )<br>)<br>Defendant and Counter-claimant )<br>) | 3:06-CV-00698-LRH-VPC<br><br>ORDER |

Before the court is defendant and counter-claimant American Power Conversion Corp.'s ("APC") motion to strike plaintiff and counter-defendant Server Technology, Inc.'s ("STI") invalidity affirmative defense. Doc. #67.[1] STI filed an opposition (Doc. #71) to which APC replied (Doc. #78).

STI initiated the present patent infringement action against APC alleging that APC's products infringe STI's patents. Doc. #1. APC filed counterclaims for patent infringement against STI alleging that various STI products infringe APC's patents; United States Patents numbers 6,741,442 ("the '442 patent") and 7,141,891 ("the '891 patent"). In response, STI alleged as an affirmative defense that APC's patents are invalid. Doc. #45.

---

[1] Refers to the court's docket number.

1       On June 5, 2007, the court, by stipulation of the parties, ordered that the Patent Local Rules
2  for the Northern District of California would govern this action. Doc. #48. Pursuant to the patent
3  local rules, a party alleging invalidity of a patent must provide the opposing party with preliminary
4  invalidity contentions. N.D. Cal. Patent L.R. 3-3. Further, a party's invalidity contentions must
5  contain: (1) anticipated prior art supporting invalidity; (2) the statute at issue; (3) a claim chart
6  identifying with specificity where the prior art invalidates each element of a claim; and (4) any
7  other grounds for invalidity. N.D. Cal. Patent L.R. 3-3(a)-(d).
8       On October 12, 2007, STI served APC with its initial invalidity contentions. STI served
9  revised invalidity contentions on December 17, 2007. STI's preliminary invalidity contentions did
10 not comply with the requirements of Patent L.R. 3-3. STI failed to identify which specific claims in
11 the '891 and '442 patents are allegedly invalid, and did not provide any anticipated prior art
12 supporting invalidity of either patent.
13      As a result of STI's failure to comply with the requirements of the patent local rules, APC
14 filed the present motion to strike STI's invalidity defense. Doc. #67. In opposition, STI argues that
15 it was unable to clearly identify which claims are allegedly invalid or find sufficient prior art
16 because the court had not yet construed the disputed terms of the patent claims and APC's
17 proposed claim construction for the disputed terms was so overly broad that it provided no basis to
18 investigate prior art.
19      As an alternative to striking its invalidity defense, STI requests leave to amend its invalidity
20 contentions after a claim construction order is issued. Doc. #71. Pursuant to the patent local rules,
21 the court, upon a showing of good cause, may grant leave for a party to amend or modify its
22 preliminary invalidity contentions after a claim construction order has been issued.  N.D. Cal.
23 Patent L. R. 3-7.
24      The court has reviewed the papers and pleadings on file in this matter, including the
25 recently issued claim construction order (Doc. #163), and finds that STI has made a sufficient
26

showing of good cause to warrant amendment. However, in light of the court's recent claim construction order (Doc. #163), the court finds it appropriate and equitable to grant both parties an opportunity to amend their initial invalidity contentions. Accordingly, both APC and STI shall have up to and including Monday, June 7, 2010, to serve final invalidity contentions that comply with the requirements of N.D. Cal. Patent L.R. 3-3.

IT IS THEREFORE ORDERED that defendant/counter-claimant's motion to strike (Doc. #67) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE