UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SERVER TECHNOLOGY, INC., a Nevada corporation, <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> AMERICAN POWER CONVERSION CORPORATION, a Massachusetts corporation, <br><br> Defendant and Counterclaimant | 3:06-CV-00698-LRH-VPC <br><br> <u>ORDER</u> |

Before the court is plaintiff and counter-defendant Server Technology, Inc.'s ("STI") motion for partial summary judgment for non-infringement of defendant and counter-claimant American Power Conversion Corp.'s ("APC") United States patent number 6,741,442 ("the '442 patent"). Doc. #72.[1] APC filed an opposition to the motion (Doc. #116) to which STI replied (Doc. #126).

**I.    Facts and Procedural History**

STI initiated the present patent infringement action against APC alleging that APC's products infringe three of STI's patents; United States Patents numbers 7,099,934 ("the '934 patent"), 7,043,543 ("the '543 patent"), and 7,141,461 ("the '461 patent"). APC filed a

---

[1] Refers to the court's docket number.

counterclaim against STI alleging that STI's products infringe two of APC's patents; United States Patents numbers 6,741,442 ("the '442 patent") and 7,141,891 ("the '891 patent"). Thereafter, STI filed the present motion for partial summary judgment arguing that its products do not infringe claim 10 of the '442 patent. Doc. #72.

## II.   Legal Standards

### A.  Summary Judgment

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To oppose a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact.  *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is

not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### B. Patent Infringement

A district court analyzes a patent infringement claim in two steps: (1) construing the claims as a matter of law, and (2) applying the properly construed claims to the accused invention. *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362 (Fed. Cir.1999); *EMI Group N. America, Inc. v. Intel Corp.*, 157 F.3d 887, 891 (Fed. Cir. 1998). Infringement can occur either literally or under the doctrine of equivalents. *Kahn v. Gen'l Motors Corp.*, 135 F.3d 1472, 147-78 (Fed. Cir. 1998). Literal infringement occurs when, every limitation set forth in a patent claim is found in an accused product or process. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). The smallest deviation from the literal claim language precludes infringement. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001).

Under the doctrine of equivalents, infringement "requires a showing that the difference between the claimed invention and the accused product [is] insubstantial." *Sumbo v. Eastman Outdoors, Inc.*, 508 F.3d 1358, 1364 (Fed. Cir. 2007) (citing *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950)). This is accomplished by demonstrating on a limitation by limitation basis that the accused product performs substantially the same function in substantially the same way and with substantially the same result as each limitation of the patented product. *Id.*

## III. Discussion

The '442 patent is entitled "Intelligent Power Distribution System" and relates to an intelligent power strip and method for distributing electrical power in an electronic system. The patent allows a user to supply electrical power to the components of an electrical or electronic

system according to a specific sequence and timing to avoid damaging the components. Claim 10 relates to the programming of operating parameters to help distribute electrical power in the intelligent power strip. Specifically, claim 10 recites:

> 10. A power distribution method comprising the steps of:
>
> energizing an input power line to power-up a first group of power outlets on a power distribution system;
>
> initializing the power distribution system, initializing including the steps of:
>
> *programming* a normal-threshold value *into the power distribution system*;
>
> *programming* an overload-threshold value *into the power distribution system*;
>
> *programming* an under-voltage threshold value *into the power distribution system*; and
>
> controlling a plurality of relays to actuate to a conductive state in accordance with a predetermined sequence and a predetermined delay to sequentially power-on a second group of power outlets on the power distribution system.

'442 Patent col. 10, ll. 40-56 (emphasis added).

STI argues that its devices do not literally infringe claim 10 of the '442 patent because its devices do not involve the programming substeps of the power distribution system outlined in the patent. STI contends that its devices contain manufactured components with pre-set overload and brownout values that are not user-adjustable. Thus, its devices do not allow for the programming of the overload or under-voltage threshold values.

STI's motion turns on the meaning of "programming" as it appears in the initializing step of the '442 patent. In the claim construction order, the court construed "programming" as the following:

> Inputting a value into the power distribution system. This inputting of value can be accomplished by a component within or associated with the system, by a human user of the system, or in any other way.

Doc. #163. Thus, the court's construction of programming includes and contemplates manufacturer pre-set components as consistent with "programming" a value in the power distribution system.

4

Here, the parties agree that the accused devices manufactured by STI incorporate operating parameters that are fixed in the device software during manufacture and perform the same function as the overload, and undervoltage threshold values recited in the '442 patent. *See* Doc. #72, p.10; Doc. #116, p.19. Thus, based on this court's construction of claim 10, using these pre-set components results in the operating parameter being "programmed" into the power distribution system in accordance with the method described in the '442 patent. *See* Doc. #163. Accordingly, STI is not entitled to judgment as a matter of law that its products do not infringe claim 10 of the '442 patent.

IT IS THEREFORE ORDERED that plaintiff/counter-defendant's motion for partial summary judgment (Doc. #72) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5