ROBERT C. RYAN, ESQ. (NEVADA SBN 7164)
HOLLAND & HART LLP
200 SOUTH VIRGINIA STREET, 8TH FLOOR
RENO, NEVADA  89504
TELEPHONE:  775.686.2492
FAX: 877.665.5867
E-mail:  rcryan@hollandhart.com

JAMES E. HARTLEY, ESQ.
JONATHON P. MARTIN, ESQ.
HOLLAND & HART LLP
555 SEVENTEENTH STREET, SUITE 3200
DENVER, COLORADO 80202-3979
TELEPHONE:  303.295.8237
FAX: 303.975.5486
E-mail:  jhartley@hollandhart.com
E-mail:  jpmartin@hollandhart.com

SHANE P. COLEMAN, ESQ.
HOLLAND & HART LLP
401 NORTH 31ST STREET, SUITE 1500
BILLINGS, MONTANA 59101-1200
TELEPHONE:  406.252.2166
FAX: 406.252.1669
E-mail:  spcoleman@hollandhart.com

MATTHEW G. MCANDREWS, ESQ.
FREDERICK C. LANEY, ESQ.
NIRO, HALLER & NIRO
181 WEST MADISON STREET, SUITE 4600
CHICAGO, ILLINOIS 60602
TELEPHONE: 312.236.0733
FAX: 312.236.3137
E-mail:  mmcandrews@nshn.com
E-mail:  laney@nshn.com

*Attorneys for Plaintiff,*
SERVER TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SERVER TECHNOLOGY, INC. (a Nevada corporation),<br><br>            Plaintiff and Counterdefendant,<br><br>     vs.<br><br>AMERICAN POWER CONVERSION CORPORATION (a Massachusetts corporation),<br><br>            Defendant and Counterclaimant. | Case No.: 3:06-CV-00698-LRH-VPC<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMAND** |

Page 1

Plaintiff STI, Inc., as and for its Second Amended Complaint, alleges as follows against Defendant American Power Conversion Corporation.

## JURISDICTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES

2. Plaintiff Server Technology, Inc. ("STI" or "Plaintiff") is a Nevada corporation having its principal place of business at 1040 Sandhill Drive, Reno, Nevada 89521.

3. Defendant American Power Conversion Corporation ("APC" or "Defendant") is a Massachusetts corporation having its principal place of business at 132 Fairgrounds Road, West Kingston, Rhode Island 02892. APC is doing business within the District of Nevada.

## GENERAL ALLEGATIONS

4. STI is a leader in innovative power management solutions. It designs and manufactures products relating to computerized data center power management, including, among others, intelligent power distribution systems.

5. STI is the owner of United States Patent No. 7,043,543 ("the '543 patent"), entitled "VERTICAL-MOUNT ELECTRICAL POWER DISTRIBUTION PLUGSTRIP," which issued on May 9, 2006. A true and correct copy of the '543 patent is attached hereto as Exhibit A.

6. STI is the owner of United States Patent No. 7,099,934 ("the '934 patent"), entitled "NETWORK-CONNECTING POWER MANAGER FOR REMOTE APPLIANCES," which issued on August 29, 2006. A true and correct copy of the '934 patent is attached hereto as Exhibit B.

7. STI is the owner of United States Patent No. 7,171,461 ("the '461 patent"), entitled "NETWORK-REMOTE POWER OUTLET STRIP," which issued on January 30, 2007. A true and correct copy of the '461 patent is attached hereto as Exhibit C.

8. STI is the owner of United States Patent No. 7,702,771 ("the '771 patent"), entitled "ELECTRICAL POWER DISTRIBUTION DEVICE HAVING A CURRENT DISPLAY," which issued on April 20, 2010. A true and correct copy of the '771 patent is attached hereto as Exhibit D.

9. The '543, '934, '461, '771 patents are referred to herein as the "STI Patents."

10. STI marks its products with the numbers of the STI Patents in accordance with 35 U.S.C. § 287.

11. APC makes and sells computerized data center power management devices, power distribution products, and other network infrastructure and network power management products and systems.

**FIRST CAUSE OF ACTION**

**(Infringement of the '543 patent)**

12. Plaintiff incorporates and re-alleges paragraphs 1 to 11 as if fully set forth herein.

13. APC has infringed and is infringing the '543 patent by manufacturing, using, offering to sell, or selling, within the United States, and/or by importing into the United States, products, including but not limited to its "Switched Rack PDU" devices, in violation of 35 U.S.C. § 271(a).

14. On information and belief, APC has infringed and is infringing the '543 patent by inducing and/or contributing to infringement in violation of 35 U.S.C. § 271(b) and/or § 271(c).

15. APC is and has been aware of the '543 patent since at least as early as STI's filing of its original Complaint in this action.

16. APC's infringing acts have caused damage to STI.

17. APC will continue to infringe the '543 patent unless permanently enjoined by this Court. As a result of APC's infringing conduct, STI has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, STI is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

18. APC's infringement of the '543 patent is willful.

## SECOND CAUSE OF ACTION

### (Infringement of the '934 patent)

19. Plaintiff incorporates and re-alleges paragraphs 1 to 18 as if fully set forth herein.

20. APC has infringed and is infringing the '934 patent by, among other things, practicing within the United States one or more methods claimed therein, in violation of 35 U.S.C. § 271(a).

21. Upon information and belief, APC has infringed and is infringing the '934 patent by inducing and/or contributing to infringement by others in violation of 35 U.S.C. § 271(b) and/or § 271(c).

22. APC is and has been aware of the '934 patent since at least as early as STI's filing of its original Complaint in this action.

23. APC's infringing acts have caused damage to STI.

24. APC will continue to infringe the '934 patent unless permanently enjoined by this Court. As a result of APC's infringing conduct, STI has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, STI is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

25. APC's infringement of the '934 patent is willful.

## THIRD CAUSE OF ACTION

### (Infringement of the '461 patent)

26. Plaintiff incorporates and re-alleges paragraphs 1 to 25 as if fully set forth herein.

27. APC has infringed and is infringing the '461 patent by manufacturing, using, offering to sell, or selling, within the United States, and/or by importing into the United States, products, including but not limited to its "Switched Rack PDU" devices, in violation of 35 U.S.C. § 271(a).

28. On information and belief, APC has infringed and is infringing the '461 patent by inducing and/or contributing to infringement in violation of 35 U.S.C. § 271(b) and/or § 271(c).

29. APC is and has been aware of the '461 patent since at least as early as STI's filing of its First Amended Complaint in this action.

30. APC's infringing acts have caused damage to STI.

31. APC will continue to infringe the '461 patent unless permanently enjoined by this Court. As a result of APC's infringing conduct, STI has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, STI is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

32. APCs infringement of the '461 patent is willful.

## FOURTH CAUSE OF ACTION

**(Infringement of the '771 patent)**

33. Plaintiff incorporates and re-alleges paragraphs 1 to 32 as if fully set forth herein.

34. APC has infringed and is infringing the '771 patent by manufacturing, using, offering to sell, or selling, within the United States, and/or by importing into the United States, products, including but not limited to its "Switched Rack PDU" devices, in violation of 35 U.S.C. § 271(a).

35. On information and belief, APC has infringed and is infringing the '771 patent by inducing and/or contributing to infringement in violation of 35 U.S.C. § 271(b) and/or § 271(c).

36. APC's infringing acts have caused damage to STI.

37. APC will continue to infringe the '771 patent unless permanently enjoined by this Court. As a result of APC's infringing conduct, STI has suffered, and will continue to suffer,

irreparable harm for which there is no adequate remedy at law.  Accordingly, STI is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendant APC as follows:

A.   A determination that Defendant has infringed each of the STI Patents;

B.   A determination that the Defendant's infringement of each of the STI patents was willful;

C.   Issuance of a permanent injunction enjoining Defendant, its agents, officers, assigns, and all others acting in concert with Defendant from infringing the STI patents;

D.   An award of damages to compensate STI for the infringing acts complained of herein, and an award of treble damages under 35 U.S.C. §284;

E.   A declaration that this case is exceptional under 35 U.S.C. §285 and an award of attorney fees incurred by STI in connection with this action;

F.   An award of pre-judgment interest and post-judgment interest on the damages awarded;

G.   Such other and further relief as the Court deems just.

Plaintiff demands trial by jury.

DATED this 5th day of May 2010.          /s/ Matthew G. McAndrews

> ROBERT C. RYAN, ESQ. (NEVADA SBN 7164)
> HOLLAND & HART LLP
> 200 SOUTH VIRGINIA STREET, 8TH FLOOR
> RENO, NEVADA  89504
> TELEPHONE: 775.686.2492
> FAX: 877.665.5867
> E-mail: rcryan@hollandhart.com
>
> MATTHEW G. MCANDREWS, ESQ.
> FREDERICK C. LANEY, ESQ.
> NIRO, HALLER & NIRO
> 181 WEST MADISON STREET, SUITE 4600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

C<small>HICAGO</small>, I<small>LLINOIS</small> 60602
T<small>ELEPHONE</small>: 312.236.0733
F<small>AX</small>: 312.236.3137
E-mail:  mmcandrews@nshn.com
E-mail:  laney@nshn.com

*Attorneys for Plaintiff,*
SERVER TECHNOLOGY, INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** was served on the following parties this 5th day of May 2010 by e-mail:

William E. Peterson
E-mail: wep@morrislawgroup.com
Janine Prupas
E-mail:  jcp@morrislawgroup.com
Morris Peterson
6100 Neil Road, Suite 555
Reno, Nevada 89511

Terrence J. Truax
E-mail: ttruax@jenner.com
Kristopher R. Kiel
E-mail: kkiel@jenner.com
Jenner & Block
330 North Wabash
Chicago, Illinois 60661

*Attorneys for Defendant,*
AMERICAN POWER CONVERSION CORPORATION

/s/ Matthew G. McAndrews