UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| SERVER TECHNOLOGY, INC., | ) | |
| Plaintiff and Counterdefendant, | ) | 3:06-CV-00698-LRH-VPC |
| v. | ) | ORDER |
| AMERICAN POWER CONVERSION CORPORATION, | ) | |
| Defendant and Counterclaimant | ) | |

Before the court is plaintiff and counter-defendant Server Technology, Inc.'s ("STI") motion to dismiss defendant and counter-claimant American Power Conversion Corp.'s ("APC") fifth counterclaim for false marking under 35 U.S.C. § 292. Doc. #340.[1] APC filed an opposition (Doc. #352) to which STI replied (Doc. #356).

**I.   Facts and Procedural History**

Plaintiff and counter-defendant STI manufactures intelligent power distribution devices. STI brought the underlying patent infringement action against defendant and counter-claimant APC who also manufactures intelligent power distribution devices. In response, APC counterclaimed that STI falsely marked certain product literature with one of its intelligent power distribution patents: United States Patent number 7,043,543 ("the '543 patent"). Thereafter, STI filed the

---

[1] Refers to the court's docket number.

present motion to dismiss APC's counterclaim for false marking. Doc. #340.

## II.     Legal Standard

STI seeks dismissal of APC's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

(internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

The False Marking Statute as amended in September 2011, by the Leahy-Smith America Invents Act ("AIA"), provides in relevant part that:

> "(a) Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' of any word or number importing that the same is patented, for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense.
> (b) A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury."

35 U.S.C. § 292. Thus, under the amended act, for a private party plaintiff to properly state a claim for false patent marking it must allege that: (1) the defendant marked an unpatented article; (2) with the intent to deceive the public; and (3) the plaintiff suffered a competitive injury as a result of the false marking.[2]

In its motion to dismiss, STI argues that APC has not sufficiently alleged that it suffered a competitive injury as a result of STI's false patent marking and therefore, the false marking counterclaim should be dismissed. The court disagrees.

The court has reviewed the documents and pleadings on file in this matter and finds that APC has sufficiently alleged a competitive injury from STI's alleged false marking to survive a motion to dismiss. In its complaint, APC specifically alleged that "APC has suffered competitive injury

---

[2] For purposes of this motion STI concedes that APC has sufficiently alleged the first two elements of a false marking claim; (1) that it marked certain unpatented product information and (2) did so with the intent to deceive the public. *See* Doc. #340.

3

casually connected to STI's false marking" because: (1) APC and STI are direct competitors in the intelligent power distribution industry; (2) the falsely marked products compete directly with APC's similar products; (3) STI's false marking upset the competitive relationship between the parties as customers were presented with an allegedly patented product design; and (4) STI's false marking created an unfounded image of STI as a product innovator with superior products to its competitors. Doc. #338 (APC's amended counterclaims), ¶ 166. Further, APC alleges that STI's false marking allowed STI to compete in the market more effectively than APC by encouraging customers to purchase only those products which have patent markings. Doc. #338, ¶ 167. Thus, based on the allegations in APC's counterclaim, the court finds that APC has sufficiently alleged a competitive injury as a result of STI's false marking. Therefore, the court finds that APC has alleged a claim for false patent marking under 35 U.S.C. § 292 and shall deny STI's motion accordingly.

IT IS THEREFORE ORDERED that STI's motion to dismiss (Doc. #340) is DENIED.

IT IS FURTHER ORDERED that the hearing on STI's motion to dismiss (Doc. #340) currently scheduled for Tuesday, August 21, 2012, at 10:00 a.m. is VACATED.

IT IS SO ORDERED.

DATED this 26th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE