UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SERVER TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiff and Counterdefendant, ) | 3:06-CV-00698-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| AMERICAN POWER CONVERSION ) | |
| CORPORATION, ) | |
| ) | |
| Defendant and Counterclaimant ) | |

Before the court are plaintiff Server Technology, Inc.'s ("STI") pretrial motions including: motion to bifurcate trial (Doc. #430[1]); motion in limine #1 to exclude reference to ongoing patent reexamination proceedings (Doc. #431); motion in limine #2 to exclude reference to false marking (Doc. #432); motion in limine #3 to exclude evidence not disclosed in the final invalidity contentions (Doc. #433); and motion in limine #4 to exclude the expert testimony of Nicholas Godici (Doc. #434).

Also before the court are defendant American Power Conversion Corp.'s ("APC") pretrial motions including: motion in limine #1 to exclude certain rebuttal evidence (Doc. #436); motion in limine #2 to preclude opinion and argument contrary to law (Doc. #438); motion in limine #3 to preclude expert testimony on legal principles (Doc. #440); motion in limine #4 to limit the scope of

---

[1] Refers to the court's docket number.

1  expert testimony (Doc. #441); motion in limine #5 to preclude contradictory testimony
2  (Doc. #442); motion in limine #6 to preclude evidence of secondary considerations of non-
3  obviousness (Doc. #443); motion in limine #7 to preclude evidence of infringement (Doc. #445);
4  motion in limine #8 to bifurcate the trial (Doc. #446); and motion in limine #9 to preclude
5  evidence concerning certain counterclaims (Doc. #447).

**I.      Facts and Procedural History**[2]

Plaintiff STI manufactures intelligent power distribution devices. Like STI, defendant APC manufacturers intelligent power distribution devices. Both STI and APC are direct competitors in the rack-mounted power distribution market.

In December 2006, STI brought the underlying patent infringement action alleging that ACP's rack-mounted power distribution products infringe two of STI's patents: United States Patent numbers 7,043,543 ("the '543 patent"), and 7,702,771 ("the '771 patent). Doc. #1. APC denies that its products infringe STI's patents and counterclaims that STI's patents are invalid as a matter of law.

In December 2013, the parties filed the aforementioned pretrial motions. On January 8, 2014, the court held a status conference to set a firm trial date.[3] *See* Doc. #487. At the status conference, the parties indicated a desire to argue several of the pre-trial motions before the court. The court then set a motions hearing for February 26, 2014, and ordered the parties to file a joint status report identifying any motions to be addressed at the hearing.

On February 14, 2014, the parties filed their joint status report and identified eight motions to be addressed at the hearing: (1) STI's motion to bifurcate the trial (Doc. #430); (2) STI's motion in limine #1 to exclude reference to ongoing patent reexamination proceedings (Doc. #431);

---

[2] This action has an extensive factual and procedural history. For a complete review of this action's history, see the court's claim construction order (Doc. #163) and the court's orders on summary judgment (Doc. ##380, 381, 423).

[3] Trial is currently scheduled for May 12, 2014, with calendar call scheduled for May 1, 2014.

(3) STI's motion in limine #3 to exclude evidence not disclosed in the final invalidity contentions (Doc. #433); (4) APC's motion in limine #2 to preclude opinion and argument contrary to law (Doc. #438); (5) APC's motion in limine #3 to preclude expert testimony on legal issues (Doc. #440); (6) APC's motion in limine #4 to limit the scope of expert testimony (Doc. #441); (7) APC's motion in limine #6 to preclude evidence of secondary considerations of non-obviousness (Doc. #443); and (8) APC's motion in limine #8 to bifurcate the trial (Doc. #446). Doc. #491. In the report, the parties also agreed that the remaining pretrial motions should be reserved until trial.[4] *Id*.

On February 26, 2014, the court heard argument on the eight identified motions. This order follows that hearing.

## II.     Motions To Bifurcate

### A.  STI's Motion to Bifurcate (Doc. #430)

In its motion, STI seeks to bifurcate the upcoming trial into two separate parts: a jury trial on the issues of invalidity and infringement followed by a bench trial on the issue of inequitable conduct.

Under Rule 42 of the Federal Rules of Civil Procedure, the court may bifurcate a trial for the convenience of the court and the parties, to avoid prejudice, and to expedite and economize the trial process. FED. R. CIV. P. 42(b). Under Rule 42(b), a district court has broad discretion to bifurcate as part of its trial management. *Gardco Mfg., Inc. v. Herst Lighting*, 820 F.2d 1209, 1212 (Fed. Cir. 1987).

Here, the court finds that bifurcating the issue of inequitable conduct is appropriate. First, inequitable conduct is an issue for the court to decide. *See Paragon Podiatry Lab v. KLM Lab.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) ("[t]he defense of inequitable conduct in a patent suit, being

---

[4] Consistent with the parties' joint status report, the court shall deny the remaining pretrial motions without prejudice and allow the parties to raise any relevant evidentiary issues at trial, when the court can properly consider and rule on the evidence in the context in which it is offered by the parties.

3

1  entirely equitable in nature, is not an issue for a jury to decide."); *American Calcar, Inc. v.
2  American Honda Motor Co., Inc.*, 651 F.3d 1318, 1333 (Fed. Cir. 2011) ("Inequitable conduct is
3  equitable in nature, with no right to a jury, and the trial court has the obligation to resolve the
4  underlying facts of materiality and intent.").

5       Second, the court finds that the presentation of inequitable conduct evidence to the jury
6  would be prejudicial to STI because of the seriousness of the allegations that STI withheld
7  information from the patent office, especially when such evidence is not relevant to the jury's
8  determination of infringement and invalidity. Therefore, the court shall grant STI's motion to
9  bifurcate. The court, at a bench trial, will hear the issue of inequitable conduct subsequent to the
10 conclusion of the jury trial on the issues of infringement and invalidity. Further, to the extent that
11 testimony, evidence and argument is relevant *only* to the issue of inequitable conduct, that evidence
12 shall be precluded from presentation to the jury.

13     **B.  APC's Motion in Limine #8 (Doc. #446)**

14      In its eighth motion in limine, APC also seeks to bifurcate the trial by splitting the jury trial
15 into two separate phases: an infringement and invalidity phase and a damages phase after the jury
16 has deliberated on the issues of infringement and invalidity.

17      The court has reviewed the documents and pleadings on file in this matter and finds that
18 bifurcation on the issue of damages is not warranted. In those patent cases that have granted
19 bifurcation of damages, the jury and the court were facing extenuating circumstances including
20 voluminous damages evidence; complex infringement issues; multiple patents, infringing products,
21 claims, and counterclaims; and the probability that the defendant would prevail on the infringement
22 issues, thereby eliminating the need to address the issue of damages. *See e.g., Real v. Bunn-o-matic
23 Corp.*, 195 F.R.D. 618, *7-8 (E.D. Ill. 2000).

24      Here, those extenuating circumstances are not present. First, there is no voluminous
25 damages evidence to be presented. STI advances only two theories for damages and the parties
26 have identified only limited evidence and witness testimony on these theories. Second, this action

involves only a few infringement and invalidity claims relating to two patents, so this action is not unduly complex. The court recognizes that the issues in this case may be unfamiliar to jurors, but these issues are no more complex than those regularly confronted by juries in patent cases. Therefore, the court shall deny APC's motion.

### III. Motions in Limine

#### A. Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion–including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g., Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the trial judge, and they may be changed in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison*

1  *v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *U.S. v. Layton*, 767 F.2d 549,
2  556 (9th Cir. 1985).

### B. STI's Motion in Limine #1 (Doc. #431)

In its first motion in limine, STI seeks to prelude any evidence, testimony, or argument concerning the reexamination proceedings of the '543 patent as unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. The court agrees.

First, the court notes that the '543 patent reexamination proceeding is not final, and that a final decision will not occur until long after trial. As such, the status and holdings of the reexamination proceeding are of little relevance to this action. *See SRI Int'l Inc. v. Internet Security Sys., Inc.*, 647 F. Supp. 2d 323, 356 (D. Del. 2009) ("Absent unusual circumstances, none of which are present here, non-final decisions made during re-examinations are not binding, moreover, they are more prejudicial (considering the overwhelming possibility of jury confustion) than probative of validity."); *see also*, *Callaway Golf Company v. Acushnet Company*, 576 F.3d 1331 (Fed. Cir. 2009) (holding that non-final reexamination determinations are of "little relevance" to the jury's independent deliberations on the validity of the patent).

Second, the court finds that the prejudicial effect of informing the jury of the reexamination proceeding greatly outweighs any probative value of the evidence. Telling the jury that the patent has been called into question by the patent office may significantly influence the jury's determination of the issues of infringement and invalidity. Thus, "the prejudicial potential of this evidence far outweighs any probative value it may have." *Amphenol T & M Antennas, Inc. v. Centurion Intern., Inc*. 69 U.S.P.Q.2d 1798, 1800 (N.D. Ill. 2002).

Finally, allowing evidence of the reexamination proceeding would only serve to confuse the jury because both the standard of proof and claim construction applied by the patent office were different from the standards to be applied at trial. To understand the difference between the two proceedings, STI would have to offer argument and evidence to the jury on the different evidentiary burden before the patent office as well as the different claim construction used by the

examiner and then explain how these differences impacted the reexamination proceeding. Presenting this additional information will waste valuable judicial resources and jury time and would only serve to confuse the jury. *See e.g., Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) (upholding trial court's exclusion of a pending reexamination proceeding because the risk of confusing or misleading the jury by introducing such evidence is too great.); *IA Labs CA, LLC v. Nintendo Co., Ltd.,* 857 F. Supp. 2d 550, 552 (D. Md. 2012) ("Delving into the details of the reexamination proceedings and providing the necessary context of the PTO structure and process would inevitably waste time and distract from the key issues in the lawsuit."). Therefore, the court shall grant STI's motion in limine #1 and exclude any evidence, testimony, or argument concerning the reexamination proceedings of the '543 patent.

However, the court finds that it would be prejudicial to APC to allow argument and instruction on the '543 patent's presumption of validity because the "rationale underlying the presumption of validity is much diminished where the evidence before the factfinder was not before the PTO during the examination process." *Oracle America, Inc. v. Google Inc.*, 2012 U.S. Dist. LEXIS 688, *11-12 (N.D. Cal. 2012). Thus, STI shall be restricted at trial from arguing the '543 patent's presumption of validity to the jury.

**C.  STI's Motion in Limine #3 (Doc. #433)**

In its third motion in limine, STI seeks to limit APC's prior art evidence to those prior art references properly disclosed in APC's final invalidity contentions. APC has indicated that it will argue at trial that both the '543 and '771 patents are invalid because (1) they are anticipated by United States Patent No. 6,741,442 ("the '442 patent") and (2) they are obvious in light of BayTech's RPC-7 product. STI argues that these two prior art references were not properly disclosed in APC's invalidity contentions and should therefore be precluded from trial. The court agrees.

Local Rule IA 4-1 provides that the court may impose "any and all appropriate sanctions" for failure to comply with the Local Rules, including patent local rules governing a particular case.

7

Further, a court has the inherent power to sanction parties and exclude evidence for failure to comply with the rules. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631 (1961); *see also*, *Network Caching*, 2003 Dist. LEXIS 9881 at *9, 10 (holding that the court has inherent authority to sanction discovery abuses that may not be technical violation of discovery rules)

Rule 3.3 of the Patent Local Rules of the Northern District of California (the patent rules governing this action) requires that the party opposing patent infringement identify "each item of prior art that allegedly anticipates each asserted claim or renders it obvious" and contain "an explanation of why the prior art renders the asserted claim obvious." Patent L.R. 3.3. Furthermore, the party must include "[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." Patent L.R. 3.3(c).

On February 4, 2011, APC submitted its final invalidity contentions. With respect to the '543 and '771 patents, the final invalidity contentions included claim charts for several prior art references, but do not include separate claims chart for either the '442 patent or BayTech's RPC-7. Apart from a general statement that the RPC-7 was a vertical PDU, none of the relevant invalidity information was properly disclosed with appropriate claims charts for either prior art reference in APC's final invalidity contentions. Thus, the court finds that APC's references to the RPC-7 and '442 patent were wholly inadequate to provide notice to STI that they would be used at trial to invalidate the '543 and '771 patents. Therefore, based on APC's failure to comply with Patent Local Rule 3.3 and properly disclose these prior art references within its invalidity contentions, the court shall grant STI's motion and exclude these prior art references from trial.[5]

**D. APC's Motions in Limine Concerning Testimony on Legal Issues (Doc. ##438, 440)**

The next two motions concern the admissibility of testimony concerning various legal issues. In its second motion in limine, APC seeks to preclude expert testimony or opinion contrary

---

[5] In its fourth motion in limine (Doc. #441), APC seeks to limit the scope of the testimony of STI's expert, Dr. Aucoin, regarding the RPC-7 prior art. The motion in limine seeks to preclude Dr. Aucoin from offering any opinions about the RPC-7 that are not disclosed in his expert report. Because the court is excluding the RPC-7 as a prior art reference at trial, the court finds that this motion is moot and shall deny it accordingly.

to the Supreme Court's decision in *KSR v. Teleflex*, 550 U.S. 398 (2007). *See* Doc. #438. Similarly, in its third motion in limine, APC seeks to preclude STI from offering expert testimony on legal principles. *See* Doc. #44. In both motions, APC argues that STI's experts should be precluded from testifying to their opinion of the proper legal framework under which the jury should analyze the issue of obviousness. APC argues that such testimony is prejudicial and would usurp the court in its exclusive role of instructing the jury on the law.

However, in its motions, APC fails to identify any specific evidence or testimony that it seeks to exclude. Instead, APC seeks a general ruling from the court that STI's experts should be precluded from testifying on legal issues or presenting testimony contrary to law. *See* Doc. ##438, 440. Yet, it is not clear from APC's motions what testimony would violate the order sought by APC and APC offers no framework to guide the court in crafting such an evidentiary ruling. Further, in its oppositions, STI states that it is not planning on offering any evidence at trial that is contrary to the holding of *KSR* or on any legal principle in a manner that would violate APC's motions. Therefore, the court shall deny APC's motions without prejudice and allow APC to raise any relevant evidentiary issues relating to them at trial, when the court can consider and rule on specific evidence and testimony in the context in which it is offered by the parties.

**E.  APC's Motion in Limine #6 (Doc. #443)**

In the final motion in limine addressed at the hearing, APC seeks to preclude certain evidence of secondary considerations of non-obviousness. In particular, APC seeks to preclude (1) a 2006 document from Frost and Sullivan (STI Trial Exhibit 67), (2) a collection of APC documents from late 2003 (Trial Exhibits 56, 57, 116, 226, and 227), and (3) two graphs that compare sales of STI's products through 2010, arguing that STI cannot prove the legally required nexus between these secondary considerations and the patent claims.

However, the court finds APC's motion in limine #6 to be premature. At this time the court doesn't know the context in which the evidence will be proffered and STI has stated that the requisite nexus between the evidence and the commercial success of the patent claims will be made

at trial. Therefore, the court shall deny the motion without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion to bifurcate (Doc. #430), motion in limine #1 to exclude reference to ongoing patent reexamination proceedings (Doc. #431), and motion in limine #3 to exclude evidence not disclosed in the final invalidity contentions (Doc. #433) are GRANTED.

IT IS FURTHER ORDERED that defendant's motion in limine #4 to limit the scope of expert testimony (Doc. #441) and motion in limine #8 to bifurcate the trial (Doc. #446) are DENIED. Defendant's motion in limine #2 to preclude opinion and argument contrary to law (Doc. #438); motion in limine #3 to preclude expert testimony on legal principles (Doc. #440); and motion in limine #6 to preclude evidence of secondary considerations of non-obviousness (Doc. #443) are DENIED without prejudice.

IT IS FURTHER ORDERED that, consistent with the parties' joint status report (Doc. #491), the parties remaining motions: plaintiff's motion in limine #2 to exclude reference to false marking (Doc. #432) and motion in limine #4 to exclude the expert testimony of Nicholas Godici (Doc. #434); and defendant's motion in limine #1 to exclude certain rebuttal evidence (Doc. #436), motion in limine #2 to preclude opinion and argument contrary to law (Doc. #438), motion in limine #5 to preclude contradictory testimony (Doc. #442), motion in limine #7 to preclude evidence of infringement (Doc. #445), and motion in limine #9 to preclude evidence concerning certain counterclaims (Doc. #447) are DENIED without prejudice.

IT IS SO ORDERED.

DATED this 31st day of March, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE