UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| SERVER TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff and Counterdefendant, | ) | 3:06-CV-00698-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| AMERICAN POWER CONVERSION CORPORATION, | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) | |

Before the court are defendant American Power Conversion Corp.'s ("APC") renewed motion in limine #7 to preclude certain evidence of product infringement (Doc. #509[1]) and motion for clarification of the court's March 31, 2014 order concerning the parties' pretrial motions in limine (Doc. #514). Plaintiff Server Technology, Inc. ("STI") filed oppositions to the motions (Doc. ##515, 519) to which APC replied (Doc. ##516, 521).

Also before the court is STI's motion for leave to file a sur-reply to APC's renewed motion in limine #7. Doc. #518.

///

///

///

---

[1] Refers to the court's docket number.

I.   **Facts and Procedural History**[2]

Plaintiff STI manufactures intelligent power distribution devices. Like STI, defendant APC manufacturers intelligent power distribution devices. Both STI and APC are direct competitors in the rack-mounted power distribution market.

In December 2006, STI brought the underlying patent infringement action alleging that APC's rack-mounted power distribution products - the AP7900 and AP8900 series of products - infringe two of STI's patents: United States Patent numbers 7,043,543 ("the '543 patent"), and 7,702,771 ("the '771 patent). Doc. #1. APC denies that its products infringe STI's patents and counterclaims that STI's patents are invalid as a matter of law.

In December 2013, the parties filed a series of pretrial motions in limine. On January 8, 2014, the court held a status conference to set a firm trial date.[3] *See* Doc. #487. At the status conference, the parties indicated a desire to argue several of the pre-trial motions before the court. The court then set a motions hearing for February 26, 2014, and ordered the parties to file a joint status report identifying any motions to be addressed at the hearing.

On February 14, 2014, the parties filed their joint status report. Doc. #491. On February 26, 2014, the court heard argument on the parties' motions. *See* Doc. #496. Subsequently, on March 31, 2014, the court issued its order on the parties' pretrial motions in limine. Doc. #505.

On April 9, 2014, the court held a pretrial status conference. *See* Doc. #510. At the hearing, APC requested leave to file a motion for clarification of the court's order to address a specific piece of prior art, the RPC-7, which APC argued the court excluded from trial in error. APC also requested leave to renew its motion in limine #7 to preclude evidence of APC's AP7900 series of products which had been denied by the court without prejudice. The court granted APC's requests.

---

[2] This action has an extensive factual and procedural history. For a complete review of this action's history, see the court's claim construction order (Doc. #163) and the court's orders on summary judgment (Doc. ##380, 381, 423).

[3] Trial is currently scheduled for May 12, 2014, with calendar call scheduled for May 6, 2014.

Thereafter, APC filed the present renewed motion in limine and motion for clarification. Doc. ##509, 514.

## II.   Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion - including the decision of whether to address the issues before trial at all. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the district court, and they may be reviewed in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008).

## III.   Renewed Motion in Limine #7 (Doc. #509)

In its renewed motion in limine, APC seeks to preclude any evidence or testimony of its AP7900 series of products along with any argument that these products infringe Claim 15 of the '543 patent. APC argues that because the court previously found as a matter of law that the AP7900 series of products did not infringe a similar STI patent covering rack-mounted power distribution devices, the court should likewise rule as a matter of law that these products do not infringe Claim 15 of the '543 patent and thereby exclude evidence of these products from trial. The

court disagrees.

Initially, the court notes that a motion in limine is an evidentiary motion used to preclude objectionable evidence before trial. *See* Lee & Finley, *Federal Motions in Limine* § 1:1. A motion in limine is not an avenue to file an untimely motion for summary judgment two weeks before trial. Further, the issues raised by APC have not been sufficiently briefed by the parties, nor do they include the necessary summary judgment type evidence, for the court to make any determination of the infringement or non-infringement of the AP7900 series of products as a matter of law.

Additionally, the court has reviewed the documents and pleadings on file in this matter and finds that evidence of the AP7900 series of products is relevant to this action. Although APC argues that STI cannot establish that these products infringe Claim 15 of the '543 patent, the court finds that this evidence is relevant to the issues of infringement as well as other issues of fact properly addressed by the jury at trial. *See* FED. R. EVID. 401 (stating that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). For example, the AP7900 series of products, precursors to APC's also allegedly infringing AP8900 series of products, establish a history of APC's products and design features, as well as, APC's innovations between products. Therefore, the court shall deny APC's renewed motion in limine.

**IV.   Motion for Clarification (Doc. #514)**

In its third motion in limine, plaintiff STI sought to limit APC's prior art evidence to only those references properly disclosed in APC's final invalidity contentions. *See* Doc. #433. In particular, STI moved to exclude both the BayTech RPC-7 and United States Patent No. 6,741,442 ("the '442 patent") prior art references contending that they were not properly disclosed in APC's final invalidity contentions. In the order addressing the parties' pretrial motions, the court agreed and excluded both the RPC-7 and the '442 patent from trial. *See* Doc. #505.

Now, in its motion for clarification, APC seeks a ruling from the court that it is not precluded from proffering evidence of the RPC-7 at trial. APC contends that the RPC-7 was

4

1  disclosed in several other claims charts contained in its final invalidity contentions which were not
2  identified or addressed in its opposition to STI's third motion in limine. In particular, APC argues
3  that the RPC-7 was disclosed with two other references - the MSVM and the RPC-21 - which were
4  collectively cited to disclose the design feature of verticality. The court has reviewed the newly
5  identified claims charts and agrees that APC sufficiently disclosed the verticality of the RCP-7
6  product in its final invalidity contentions to comply with Rule 3.3 of the relevant patent local rules.
7  Patent L.R. 3.3 (stating that the party opposing patent infringement identify "each item of prior art
8  that allegedly anticipates each asserted claim or renders it obvious" and contain "an explanation of
9  why the prior art renders the asserted claim obvious.").
10         However, other than disclosing the RPC-7 as a "vertically-oriented plugstrip," APC's
11 newly identified claims charts still fail to disclose any other design feature of the RPC-7 and APC
12 failed to provide a separate claims chart for the RPC-7 in accordance with Rule 3.3(c) of the patent
13 rules. Patent L.R. 3.3(c) (stating that the party must include "[a] chart identifying where
14 specifically in each alleged item of prior art each element of each asserted claim is found.").
15 Therefore, the court shall clarify its prior order as follows: APC may proffer evidence that the
16 RPC-7 was a vertical device in the same manner as the MSVM and RPC-21, and argue that this
17 vertical feature, when combined with other properly identified and disclosed prior art references,
18 renders STI's '543 patent invalid as obvious. But APC is precluded from proffering any evidence
19 that the RPC-7 satisfies any other claim element at issue in the '543 patent.
20
21         IT IS THEREFORE ORDERED that defendant's renewed motion in limine #7 to preclude
22 evidence of infringement (Doc. #509) is DENIED.
23         IT IS FURTHER ORDERED that defendant's motion for clarification (Doc. #514) is
24 GRANTED in accordance with this order.
25 ///
26 ///

1       IT IS FURTHER ORDERED that plaintiff's motion to file a sur-reply (Doc. #518) is
GRANTED *nunc pro tunc*. Plaintiff Server Technology, Inc. shall have three (3) days from entry of
this order to file the sur-reply attached as Exhibit 1 to its motion (Doc. #518, Exhibit 1).

   IT IS SO ORDERED.

   DATED this 2nd day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE