FILED ___   RECEIVED ___
ENTERED ___   SERVED ON ___
COUNSEL/PARTIES OF RECORD

MAY 2 9 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SERVER TECHNOLOGY, INC., )
                                                    )
          Plaintiff and Counterdefendant,   )          3:06-CV-00698-LRH-VPC
                                                    )
v.                                               )
                                                    )          VERDICT
AMERICAN POWER CONVERSION    )
CORPORATION,                            )
                                                    )
          Defendant and Counterclaimant.  )
_____ )

Instructions: When answering the following questions and filling out this Verdict Form, please refer to the Jury Instructions for guidance on the law applicable to the subject matter covered by each question.

WE THE JURY, in the above-entitled case, unanimously find as follows:


**INFRINGEMENT**

**Question 1: Server Tech's '543 Patent: APC's 7900 Series**

Has Server Tech proven by a preponderance of the evidence that APC's AP 7900 series of products infringe Claim 15 of its '543 Patent?

_____X_____ Yes          _____ No

///

///

1    If you find that Server Tech has proven by a preponderance of the evidence that APC's

2  AP 7900 series of products infringe Claim 15 of its '543 Patent, do you find that these products

3  literally infringe Claim 15 of the '543 patent, infringe under the doctrine of equivalents, or both?

4  (Check all that apply)

5           X    Literal Infringement

6           X    Infringement under the Doctrine of Equivalents as to the "power information"

7  element in Claim 15, element F(ii), in the '543 patent, as referred to in Instruction No. 15.

8

9  **Question 2: Server Tech's '543 Patent: APC's 8900 Series**

10    Has Server Tech proven by a preponderance of the evidence that APC's AP 8900 series of

11  products infringe Claim 15 of its '543 Patent?

12           X    Yes           _____ No

13

14  **Question 3: Server Tech's '771 Patent: APC's 7900 Series**

15    Has Server Tech proven by a preponderance of the evidence that APC's AP 7900 series of

16  products infringe Claim 15 of its '771 Patent?

17           X    Yes           _____ No

18

19    If you find that Server Tech has proven by a preponderance of the evidence that APC's

20  AP 7900 series of products infringe Claim 15 of its '771 Patent, do you find that these products

21  literally infringe Claim 15 of the '771 patent, infringe under the doctrine of equivalents, or both?

22  (Check all that apply)

23           X    Literal Infringement

24           X    Infringement under the Doctrine of Equivalents as to the "power information"

25  element in Claim 15, element F(ii), in the '771 patent, as referred to in Instruction No. 15.

26  ///

2

**Question 4: Server Tech's '771 Patent: APC's 8900 Series**

Has Server Tech proven by a preponderance of the evidence that APC's AP 8900 series of products infringe Claim 15 of its '771 Patent?

    X   Yes              No

## INVALIDITY

The ultimate legal conclusion that must be reached on the obviousness question is whether APC has proven by clear and convincing evidence that the claimed invention(s), recited in Claim 15 of the '543 patent and Claim 15 of the '771 patent, would have been obvious to a person of ordinary skill in the field at the time of the invention. In order to properly reach a conclusion the following questions must be answered:

**Question 5:**

Do you find that APC has proven by clear and convincing evidence that Claim 15 of the '543 patent would have been obvious to a person of ordinary skill in the field at the time of the invention ("person of ordinary skill" being defined in Instruction No. 23 titled "Level of Ordinary Skill")?

          Yes            X    No

**Question 6:**

Do you find that APC has proven by clear and convincing evidence that Claim 15 of the '771 patent would have been obvious to a person of ordinary skill in the field at the time of the invention ("person of ordinary skill" being defined in Instruction No. 23 titled "Level of Ordinary Skill")?

          Yes            X    No

**Question 7: Considerations bearing upon Obviousness or Nonobviousness**

    A.  Commercial Success

    Do you find that Server Tech's claimed invention was commercially successful due to the merits of the claimed invention?

        __X__ Yes       _____ No

    B. Long Felt Need

    Do you find that there was a long felt need for a solution to the problem facing the inventors?

        __X__ Yes       _____ No

    C.  Copying

    Do you find that APC or others copied Server Tech's claimed invention?

        __X__ Yes       _____ No

    D.  Unexpected Superior Results

    Do you find that Server Tech's claimed invention achieved unexpectedly superior results over the closest prior art?

        __X__ Yes       _____ No

    E.  Praise from the Industry

    Do you find that others in the field praised Server Tech's claimed invention?

        __X__ Yes       _____ No

///

///

///

F.  Acceptance by Others

Do you find that others accepted licenses under Server Tech's '543 and/or '771 patents because of the merits of the claimed invention?

\_\_\_X\_\_\_ Yes          \_\_\_\_\_ No

## **DAMAGES**

Proceed to Questions 8-11 only if you answered "yes" to at least one of Questions 1 through 4.  On the other hand, if you answered "no" to all of Questions 1 through 4, then skip Questions 8-11.

**Question 8: Infringement Damages**

Did Server Tech prove by a preponderance of the evidence that it is entitled to recover lost profits as a direct result of APC's infringement?

\_\_\_\_\_ Yes          \_\_\_X\_\_\_ No

If your answer to Question 8 is "Yes," then proceed to Questions 9 through 11.  If your answer to Question 8 is "No," then skip Question 9 and proceed to Questions 10 and 11.

**Question 9: Lost Profits**

What amount of lost profits, if any, do you award Server Tech as a result of infringement by APC?

$\_\_\_\_0_____

///

///

///

5

**Question 10: Reasonable Royalty**

For those infringing sales for which Server Tech has not proven lost profits, what amount has it proved it is entitled to as a reasonable royalty?

$ 10,787,634

**Question 11: Total Damages**

If Server Tech has proven lost profits and/or a reasonable royalty, what amount has it proved it is entitled to as total damages?

$ 10,787,634

You have now completed the Verdict Form. Have your foreperson date and sign the form below. Then, inform the court security officer that you have reached a unanimous verdict. Do not give the envelope to the bailiff. Your foreperson should retain possession of the Verdict Form until it is requested by the judge when the court reconvenes.

Dated this **29** day of May, 2014

JURY FOREPERSON