UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SERVER TECHNOLOGY, INC.,

Plaintiff,

v.

AMERICAN POWER CONVERSION CORPORATION,

Defendant.

Case No. 3:06-cv-0698-LRH-VPC

ORDER

This order is in response to the Federal Circuit's September 23, 2016 remand order (*Server Tech., Inc. v. Am. Power Conversion Corp.*, 657 Fed. Appx. 1030 (Fed. Cir. 2016)) and the parties' December 29, 2016 joint status report (ECF No. 690).

**I.      Facts and Procedural Background**

This action has an extensive factual and procedural history. In brief, plaintiff Server Technology, Inc. ("STI") manufactures intelligent power distribution units ("PDUs"). In 2006, STI brought the underlying patent infringement action against defendant American Power Conversion Corporation ("APC") alleging that APC's AP7900 and AP8900 series of products infringed two of STI's patents: United States Patents numbers 7,043,543 ("the '543 patent"), and 7,702,771 ("the '771 patent). ECF No. 1.

Between May 12 and May 27, 2014, a jury trial was held on the issues of infringement and invalidity. On May 29, 2014, the jury returned a verdict finding that APC's AP7900 and

1

1    AP8900 product lines infringed claim 15 of both the '543 and '771 patents. ECF No. 590. APC
2    appealed the jury verdict to the Federal Circuit. ECF No. 673. On September 23, 2016, the
3    Federal Circuit issued an order finding that the court's claim construction of the term "plugstrip"
4    as used in the patents-in-suit was erroneous and thus reversed and remanded the action back to
5    this court. *See Server Tech., Inc.*, 657 Fed. Appx. at 1033-34. Upon receiving the Federal
6    Circuit's decision, the court ordered the parties to file a joint status report addressing the impact
7    of the Federal Circuit's decision on this action. ECF No. 689. Thereafter, the parties filed a joint
8    status report in accordance with the court's order. ECF No. 690.

9    **II.   Discussion**

10   During the course of this litigation the court construed the term "plugstrip" to infer and
11   include a "one-piece" limitation into the patents such that the claimed inventions were limited to
12   single, fully-integrated devices. The first time the court construed the term "plugstrip" was in
13   response to APC's motion for summary judgment on the issues of anticipation, obviousness, and
14   non-infringement (ECF No. 287). *See* ECF No. 381. The court's construction of "plugstrip"
15   directly impacted and informed the court's ruling on APC's motion for summary judgment. The
16   court then applied this construction of the term "plugstrip" throughout the litigation including
17   through trial.

18   On appeal, defendant APC challenged the court's construction of the term "plugstrip"
19   and argued that the term, as used in the patents-in-suit, was not limited solely to a one-piece
20   device. The Federal Circuit agreed. *Server Tech., Inc.*, 657 Fed. Appx. at 1034. Specifically, the
21   Federal Circuit held that the court erred when it held that the term "comprising" - as used in
22   claim 15 of the '543 patent - required that all six elements identified and specified in the patent
23   (including the current reporting system) must be contained in a single enclosure. *Id*. Instead, the
24   Federal Circuit held that the term "'comprising' is a term of art that means "including but not
25   limited to." *Id*. (quoting *CIAS, Inc. v. Alliance Gaming Corp.*, 504 F.3d 1356, 1360 (Fed. Cir.
26   2007). Thus, according to the Federal Circuit, "[t]he use of the word 'comprising' only means
27   that the plugstrip must have at least all six of the claimed elements, but not that all six elements
28   must be contained in a single enclosure." *Id*. Further, as Element F of claim 15 of the '543 patent

used the language "associated with" when referring to its placement in the plugstrip, the Federal Circuit found that Element F did not specifically require a physical connection with the enclosure. *Id*. at 1033 (citing *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1306 (Fed. Cir. 2014)). Thus, the term "plugstrip" as used in claim 15 of the '543 patent and claim 15 of the '771 patent was not limited to a single one-piece device in which all elements of the claim are found, but could include, as disclosed separately in claim 17 of the '543 patent, a two-piece device. *Id.* Therefore, the Federal Circuit reversed this court's construction limiting "plugstrip" to a one-piece device, and specifically construed the term "plugstrip" as a two-piece device. The Federal Circuit then remanded the action back to this court for further proceedings in accordance with that order. *Id*. at 1034.

The purpose of this order is to address the impact of the Federal Circuit's reverse and remand order on this litigation and establish a protocol for the rest of this action. Based on the Federal Circuit's order, the court shall vacate all orders and decisions in which the court's construction of "plugstrip" was applied. The court and the parties have reviewed the docket, pleadings, filings, and orders in this action and found that the following orders were either based on, or at least informed by, the court's one-piece construction of the term "plugstrip":

- Order on APC's motion for summary judgment on the issues of anticipation, obviousness, and non-infringement (ECF No. 381);
- Order on APC's motion for reconsideration of the court's order on summary judgment (ECF No. 420);
- Jury verdict (ECF No. 590);
- Judgment in a civil case (ECF No. 614);
- Final order of judgment (ECF No. 615);
- Order on STI's motion for a permanent injunction and motion for supplemental damages and prejudgment interest (ECF No. 651);
- Amended order of judgment (ECF No. 653);
- Amended judgment (ECF No. 654); and
- Order entering ongoing royalty (ECF No. 663).

1    Further, the parties have agreed that the court should also vacate the portion of the court's order
2    setting the ongoing royalty at 15% (ECF No. 651). *See* ECF No. 690. Therefore, the court shall
3    vacate all of the identified orders, verdicts, and judgments. However, the court notes that several
4    of these orders including the court's order on APC's motion for summary judgment (ECF No.
5    381), the jury verdict (ECF No. 590), the various judgments entered in this action (ECF Nos.
6    614, 615, 653, 654), the court's order on STI's motion for a permanent injunction (ECF No.
7    651), and the order entering ongoing royalty (ECF No. 663) address additional claims or issues
8    not impacted by the Federal Circuit's decision. For these orders, the court shall issue amended
9    orders establishing which portions of these orders have been vacated pursuant to the Federal
10   Circuit's decision and which portions of the orders are still valid and binding in this litigation.

11   As for a protocol to guide the rest of this litigation, the court finds the following issues
12   remain to be addressed: (1) the validity of claim 15 of the '543 patent and claim 15 of the '771
13   patent; and (2) whether the AP7900 product line of PDUs manufactured and sold by defendant
14   APC infringe claim 15 of the '543 patent and/or claim 15 of the '771 patent in light of the new
15   construction of the term "plugstrip." The parties are directed to meet and confer and file a
16   proposed scheduling order within thirty (30) days of entry of this order that will govern the
17   preparation of this case for retrial on the issues of infringement and invalidity. Any proposed
18   scheduling order shall also set a time frame for any renewed motions for summary judgment
19   concerning the remaining issues of infringement and invalidity, though such a time frame for
20   filing any renewed motions for summary judgment shall not be further than ninety (90) days
21   after the filing of the proposed scheduling order.

22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1    IT IS THEREFORE ORDERED that the following docket entries are VACATED in
2 accordance with this order (ECF Nos. 381, 420, 590, 614, 615, 651, 653, 654, 663).
3    IT IS FURTHER ORDERED that the parties shall, within thirty (30) days of entry of this
4 order, file a proposed scheduling order in accordance with this order.
5    IT IS SO ORDERED.
6    DATED this 23rd day of February, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE