# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| SERVER TECHNOLOGY, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> AMERICAN POWER CONVERSION CORPORATION, <br><br> Defendant and Counterclaimant. | Case No. 3:06-cv-0698-LRH-VPC <br><br> AMENDED ORDER |

Following a jury trial in May 2014, certain of the ~~AP7900 and~~ AP8900 products sold by defendant American Power Conversion Corporation ("APC") were found to infringe claim 15 of U.S. Patent No. 7,043,543 ("the '543 patent") and claim 15 of U.S. Patent No. 7,702,771 ("the '771 patent"). On March 31, 2015, the court entered an order directing the parties to prepare an appropriate compulsory license with an ongoing [5%] ~~15%~~ royalty rate on sales of certain licensed products, defined below, that are sold by APC from the date of judgment, August 8, 2014. Doc. #651. The parties submitted a proposed order with the terms set forth below.

The court hereby enters the following [amended] order:[1]

---

[1] [This is an amended order of the court's now-vacated order entering an ongoing royalty (ECF No. 663) pursuant to the court's February 23, 2017 vacate order (ECF No. 691).]

1

1. The licensed products are defined to include the following products sold by APC: ~~AP7930, AP7931, AP7932, AP7940, AP7941, AP7950, AP7951, AP7952, AP7953, AP7954, AP7960, AP7961, AP7990, AP7991, AP7998,~~ AP8941, AP8958, AP8958NA3, AP8959, AP8959NA3, AP8961, AP8965, AP8981, and products that are not colorably different from one or more of the specifically identified licensed products.

2. For the period beginning on the date judgment was entered, August 8, 2014, and continuing until the expiration of the last to expire of the '543 patent or the '771 patent, APC shall pay plaintiff Server Technology, Inc. ("STI") an ongoing royalty, as a percentage of gross sales, of [5%] ~~15%~~ on all licensed products manufactured, sold, imported into, or exported from, the United States.

    a. APC represents that it promptly will submit a supersedeas bond or similar instrument (jointly referred to as the "bond") for court approval pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. The royalty payment obligation set forth in the following paragraph 2(b) is conditioned upon the inclusion of a provision in the bond providing that the proceeds of the bond may be used to satisfy both the amended judgment entered in this case and any royalty payments that are due pursuant to this order.

    b. APC will be obligated to pay to STI all reasonable royalties from the date of judgment (August 8, 2014), plus post-judgment interest, owed under the terms of the compulsory license set forth in this order within 45 days of the date the appellate court's mandate would issue under Federal Rule of Appellate Procedure 41(b) in the appeal from the judgment in this case, regardless of whether a motion for stay of mandate is filed or the mandate is stayed pursuant to Rule 41(d)(2).

    c. Thereafter, APC shall pay to STI all royalties owed on a quarterly basis, with payment to be made within 60 days of the end of each calendar quarter, except that for any payment that would be due less than 45 days after the date the

appellate court's mandate would issue as set forth in paragraph 2(a), the deadline for any such payment shall be extended to a date 45 days after the issuance of the mandate as set forth above. If for any reason any royalty is not paid when due, interest shall accrue on the unpaid balance at a rate of one and one-half percent (1.5%) per month from the date the payment was due.

3. Each quarterly payment shall be accompanied by a written accounting of the sales of licensed products that (a) states total sales (in dollars) of licensed products during the quarter, and (b) provides by product number, total sales during the quarter (in units and dollars) of each licensed product. The accounting shall be certified under penalty of perjury as accurate by an appropriate representative of APC. APC shall keep proper records and books of account in accordance with past practices necessary to calculate royalties under this order.

4. APC shall allow STI to conduct an audit, to occur no more than once per twelve-month period, of APC's records and documents to ensure compliance with this order. Any such audit shall be conducted by an independent certified public accountant of STI's choosing. The auditor shall obligate him or herself in writing to APC to maintain in confidence all information that it receives from APC, and shall submit a written report to STI (with a copy to APC) containing only its conclusions as to the quantity and sales of licensed products for which royalties should be paid under this order. The cost of the audit will be borne solely by STI unless the results of the audit show a 5% or more underpayment of royalties due to STI during the period audited, in which case all auditing costs including the fees of the auditor shall be paid by APC.

5. APC shall notify STI of any design changes that may be applied to the licensed products should APC take the position that such design changes take the modified product outside the scope of an ongoing royalty.

6. APC shall mark all licensed products manufactured in, sold in, imported into, or exported from the United States with the applicable patent number in compliance with 35 U.S.C. § 287.

3

7. The court specifically retains jurisdiction to enforce, modify, or terminate this order as the equities may require, and to resolve any disputes, including disputes over whether an APC product other than the licensed products is subject to the royalty provisions of this order or infringes claim 15 of the '543 patent or claim 15 of the '771 patent.

IT IS SO ORDERED.

DATED this 12th day of May, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4