UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SERVER TECHNOLOGY, INC.,

Plaintiff,

v.

SCHNEIDER ELECTRIC IT CORPORATION, f.k.a. AMERICAN POWER CONVERSION CORPORATION,

Defendant.

Case No. 3:06-cv-0698-LRH-(VPC)

ORDER

Before the court is defendant Schneider Electric IT Corporation's ("Schneider) (formerly known as American Power Conversion Corporation) motion to dismiss plaintiff Server Technology, Inc.'s ("STI") claims for patent infringement under the doctrine of obviousness-type double patenting. ECF No. 706. STI filed an opposition to the motion (ECF No. 712) to which Schneider replied (ECF No. 716). STI then filed a sur-reply with leave of court (ECF No. 732) to which Schneider responded (ECF No. 733).

I.   **Facts and Procedural Background**

Plaintiff STI manufactures intelligent power distribution devices. Like STI, defendant Schneider also manufactures intelligent power distribution devices.

In 2006, STI initiated the underlying patent infringement action against Schneider alleging that certain Schneider product designs infringe two of STI's patents: United States

1

Patents numbers 7,043,543 ("the '543 patent") and 7,702,771[1] ("the '771 patent). Specifically, STI alleges that Schneider's challenged product lines infringe claim 15 of the '543 patent and claim 15 of the '771 patent.

On May 26, 2017, after remand of this action from the Federal Circuit,[2] Schneider filed the present motion to dismiss STI's patent infringement claims under the doctrine of obviousness-type double patenting.[3]

**II.     Discussion**

In its motion to dismiss, Schneider contends that STI's '771 continuation patent expired earlier this year on April 9, 2017. However, according to Schneider, the '543 patent - which was filed earlier then the '771 patent - does not expire until April 15, 2018, because of longer delays in processing the '543 patent.[4] Thus, Schneider contends that the earlier filed '543 patent is invalid under obviousness-type double patenting in light of the expiration of the '771 patent, and therefore, STI's claims for patent infringement should be dismissed. *See* ECF No. 706.

In opposition, STI argues that Schneider waived the invalidity defense of obviousness-type double patenting by failing to raise the defense earlier in this action. *See* ECF No. 712. The court agrees. The court notes that at no time prior to the Federal Circuit's limited remand, and not for several months after remand, did Schneider ever raise or disclose this defense to STI or the court. As such, STI was not put on notice of the defense during the initial stages of litigation as required under the local patent rules for the Northern District of California or the generally recognized duty of a defendant to raise all known defenses to an action in initial pleadings and motions. *See, e.g., MLC Intellectual Property, LLC v. Micron Technology, Inc.*, 2016 WL 4192009, *2 (N.D. Cal. 2016) (recognizing that defendant Micron "provided adequate notice [to

---

[1] The '771 patent is a continuation of the '543 patent.
[2] For a more thorough discussion of the procedural history of this action, including the limited remand by the Federal Circuit, see the court's February 23, 2017 order (ECF No. 691).
[3] The doctrine of obviousness-type double patenting is a judicially created doctrine. *See Boehringer Ingelheim Intern. GmbH v. Barr Laboratories, Inc.*, 592 F.3d 1340, 1347 (Fed. Cir. 2010). Under the doctrine, if a later-expiring patent is obvious in light of an earlier-expiring patent, then the later-expiring patent is invalid and "the patentee can have no right to exclude others from practicing the invention encompassed by the later patent after the date of the expiration of the earlier patent." *Id*.
[4] For patent applications filed after June 8, 1995, the unadjusted patent term is 20 years after the filing of the earliest patent application to which the patent relates, plus processing delays by the Patent and Trademark Office.

2

plaintiff] by alleging the judicially-created obviousness-type double patenting defense in its answer, counterclaim, and invalidity contentions"). The first time Schneider raised this defense was in its "First Amended Supplemental Invalidity Contentions on Remand" served on May 24, 2017. This disclosure was right before Schneider filed the present motion and eleven years after this litigation was initiated. During that long litigation history, Schneider filed an answer and counterclaims, a number of motions to dismiss and for summary judgment, engaged in years of discovery on other invalidity defenses, and participated in both a jury and bench trial without ever once raising this defense. The court finds that Schneider's untimely raising of the defense of obviousness-type double patenting this late in the litigation constitutes a waiver of the defense.

Schneider attempts to argue that it had good cause to wait until May 24, 2017, to raise this issue, and therefore, it has not waived the defense. Specifically, Schneider argues that the defense was not ripe until the '771 patent expired on April 7, 2017, and thus, it could not have provided notice any sooner in the litigation. Schneider's argument is in contrast to settled legal authority and, as such, is without merit. "[T]he doctrine of obviousness-type double patenting . . . appl[ies] where two patents that claim the same invention have different expiration dates." *Abvie Inc. v. Mathilda & Terrence Kennedy Inst. of Rheumatology Trust*, 764 F.3d 1366, 1373 (Fed. Cir. 2014). In contrast to Schneider's argument, the doctrine does not arise solely when one of the patents expires, rather it arises when there are different expiration dates for two patents covering the same or similar invention. *Id*. Recognizing that the defense arises when the patents are issued, rather than when the earlier-expiring patent actually expires, courts regularly address this defense prior to the expiration of the earlier-expiring patent. *See, e.g., Gilead Sciences, Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208 (Fed. Cir. 2014) (addressing the issue of obviousness-type double patenting several years prior to the expiration of the earlier-expiring patent and recognizing that the defense arises at the time the patents are issued); *Perricone v. Medicis Pharmaceutical Corp.*, 267 F. Supp. 2d 229 (D. Conn. 2003) (recognizing that the issue of obviousness-type double patenting was raised at the beginning of the patent infringement suit so that the parties were put on notice of the defense before the expiration of the earliest-expiring patent); *Boehringer Ingelheim Intern. GmbH*, 592 F.3d 1340 (addressing defendant's invalidity

3

defense of obviousness-type double patenting before the earlier-expiring patent had actually expired). If, as Schneider contends, the expiration dates of the '543 and '771 patents are easily discernable from the face of the patents themselves, then Schneider should have been aware of this defense at the time the patents were issued and should have raised this defense at that time. Either Schneider neglected to raise this issue earlier in the litigation when it could have, or deliberately delayed in raising the defense in order to deny STI the option of filing a terminal disclosure. Either way, Schneider does not establish the requisite good cause, let alone manifest injustice, or absence of prejudice to STI, so as to be allowed to raise this new affirmative defense this late in the litigation. Therefore, the court finds that Schneider waived its right to raise the invalidity defense of obviousness-type double patenting in this action and shall deny Schneider's motion accordingly.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (ECF No. 706) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of December, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE